IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PETER JAMES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALLY BANK, ET AL.,<br><br>　　　　Defendants. | §<br>§<br>§<br>§  CIVIL ACTION NO. 4:21-CV-00925-SDJ-<br>§  CAN<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendants Ally Bank, Ally Financial, Inc., Kimberly P. Harris, and Jake W. Burton's FRCP 12(b)(6) Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted and Brief in Support [Dkt. 29]. After reviewing the Motion to Dismiss [Dkt. 29], and all other relevant filings, the Court recommends that the Motion to Dismiss be **GRANTED**.

**RELEVANT BACKGROUND**

On November 19, 2021, *pro se* Plaintiff Peter James ("James") sued Ally Bank, Ally Financial, Inc. (collectively, the "Ally Defendants"), Kimberly P. Harris, and Jake W. Burton (together with the Ally Defendants, "Defendants") for alleged violations of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1611, 1635 [Dkt. 1]. James' claims stem from his execution and alleged recission of a Motor Vehicle Retail Installment Sales Contract for the purchase of a 2018 Jeep Compass financed by Defendants Ally Bank and Ally Financial [Dkt. 1 at 4; Dkt. 29]. On March 14, 2022, Defendants filed a Motion to Dismiss [Dkt. 17]. In response, Plaintiff sought leave to amend his

complaint, but failed to attach his proposed amended complaint to such request [Dkts. 22; 23]. The Court denied Plaintiff's Motion for Leave for failure to comply with the Local Rules; nevertheless, the Court concluded Plaintiff should be provided an opportunity to file an amended complaint, given the lack of clarity regarding whether the Eastern District was a proper venue and/or Plaintiff had properly stated any claim [Dkt. 25]. The Court deemed the pending Motion to Dismiss as moot and directed Plaintiff to file his amended complaint on or before May 24, 2022, setting forth: "(1) [e]ach specific claim or claims asserted against each Defendant; (2) [t]he statutory and factual basis for each claim asserted; (3) [t]he relief sought in connection with the claim or claims asserted; and (4) [t]he basis for venue in the Eastern District of Texas, Sherman Division." [Dkt. 25 at 2]. Plaintiff failed to file any amended complaint. As such, Defendants asked the Court to reconsider its arguments for dismissal [Dkt. 27]. On June 6, 2022, the Court granted Defendants request for reconsideration and directed Defendants to refile their Motion to Dismiss [Dkt. 28]. On June 9, 2022, Defendant's filed their second Motion to Dismiss [Dkt. 29]. Months have passed and Plaintiff has filed no response to the Motion to Dismiss.[1]

## SUMMARY OF MOTION

Defendants' assert that Plaintiff's claims fail and should be dismissed with prejudice because (1) Plaintiff's FDCPA claim is inapplicable to the Ally Defendants and, is further time-barred; and (2) 15 U.S.C. § 1635 and 15 U.S.C. § 1611 do not apply to this case [Dkt. 29 at 2]. Defendants further assert that all alleged FDCPA violations arose before Harris and Burton substituted in as counsel in the state court replevin lawsuit.

---

[1] "A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Eastern District of Texas Local Rule CV-7(d) (emphasis added). Because Plaintiff has not filed a response to Defendant's Motion to Dismiss, the Court will presume Plaintiff does not controvert the facts set out in Defendant's Motion to Dismiss. *See id.*

REPORT AND RECOMMENDATION—Page 2

## ANALYSIS

*Rule 12(b)(6)*

A Rule 12(b)(6) motion to dismiss argues that the complaint fails to assert facts that give rise to legal liability of the defendant. *See* FED. R. CIV. P. 12(b)(6). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (alterations in original) (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Id.* Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citing *In re So. Scrap*

*Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.[2]

### *FDCPA Claims*

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA governs actions by "debt collectors" against "consumers" and is intended "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." *Peter v. GC Servs. L.P.*, 310 F.3d 344, 351-52 (5th Cir. 2002) (citation omitted). The FDCPA restricts debt collectors from making false or misleading representations or using unfair collection methods. §§ 1692c, 1692e, 1692f. "To state a claim under the FDCPA, Plaintiff was required to allege facts showing: (1) Plaintiff was the object of collection activity arising from a consumer debt; (2) [Defendants are] a debt collector defined by the FDCPA; and (3) [Defendants] engaged in an act or omission prohibited by the FDCPA." *Hardaway v. Toyota Fin. Servs.*, No. 4:21-cv-194, 2022 WL 317758, at *4 (E.D. Tex. Feb. 2, 2022) (citing *Pilkington v. LTD Fin. Servs., LP*, No. 6:19-cv-422, 2020 WL 10045989, at *2 (E.D. Tex. Feb. 11, 2020)).

---

[2] "[T]he Court [is] mindful that *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them." *McCastle v. United States*, No. 4:15CV420, 2016 WL 7496170, at *3 (E.D. Tex. Nov. 15, 2016) (Priest-Johnson, J.), *report and recommendation adopted*, No. 4:15-CV-420, 2016 WL 7626595 (E.D. Tex. Dec. 30, 2016) (Mazzant, J.) (citing *Haines v. Kerner*, 404 U.S. 519, 521 (1972)); *Tassio v. Onemain Fin., Inc.*, No. 4:15-CV-00484, 2016 WL 410024, at *1 (E.D. Tex. Feb. 3, 2016)). "Indeed, 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007) (internal citations omitted)). "Nonetheless, *pro se* litigants are still required to provide sufficient facts in support of their claims." *Id*. (citing *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993)).

### *The Ally Defendants Are Not Debt Collectors*

The Ally Defendants assert that they are not "debt collectors" within the meaning of the FDCPA [Dkt. 29 at 10-12]. More specifically, they assert "because the Ally Defendants are the creditor attempting to collect its own debt, [they are] not subject to the FDCPA" [Dkt. 29 at 10]. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another*." § 1692a(6). "A creditor, on the other hand, is a person or entity to whom the debt is owed, and when a creditor collects its debt for its own account, it is not generally acting as a debt collector." *Dixon v. Mazda Fin. Servs., Inc.*, No. 4:21-cv-03716, 2022 WL 2479908, at *2 (S.D. Tex. July 6, 2022) (quoting *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 135-36 (4th Cir. 2016), *aff'd*, 137 S. Ct. 1718 (2017)). Thus, the material distinction between a debt collector and a creditor under the FDCPA is whether the collection activity is for itself (a creditor) or for others (a debt collector). Courts have repeatedly found that banks and financial institutions attempting to collect their own debts are not debt collectors under the FDCPA. *Aguiluz v. Citibank, N.A.*, No. 18-5126, 2018 WL 57773302, at *5 (E.D. La. Nov. 2, 2018) (citing *Saragusa v. Countrywide*, No. 14-2717, 2016 WL 1059004, at *5 (E.D. La. Mar. 17, 2016), *aff'd sub nom Saragusa v. Countrywide Home Loans, Inc.*, 707 F. App'x 797 (5th Cir. 2017)); *see also Berman v. Wells Fargo Bank, N.A.*, No. 6:12-cv-405, 2013 WL 145501, at *3 (M.D. Fla. Jan. 14, 2013) (quoting *Goia v. CitiFinancial Auto*, No. 12-12639, 2012 WL 6013206, at *6 (11th Cir. Dec. 3, 2012)) ("Where a financial company is 'engaged in the collection of its own debts, as opposed to the debts of another,' it does 'not qualify as a debt collector under the FDCPA.'"). Here, Ally Financial, Inc. transferred James' debt to its wholly-owned subsidiary

Ally Bank, and neither may be considered debt collectors under the FDCPA, because the debt was owed to Ally. *See Proctor v. Ally Fin., Inc.*, No. CV PJM 18-2989, 2019 WL 3539929, at *3 (D. Md. Aug. 2, 2019) ("Ally agreed to finance the purchase, and the Contract makes clear that the Dealer assigned its interest in the contract to Ally. Ally is therefore a creditor, not a debt collector); *Norman v. Ally Fin. Bank*, No. 2:20-CV-51, 2021 WL 26300, at *1 (N.D. Ind. Jan. 4, 2021) (finding to the extent plaintiff asserts a violation of the FDCPA against Ally Bank, it is barred as Ally Bank was a creditor acting to collect a debt owed to it); *Flint v. Ally Fin., Inc*., No. 3:19-cv-189-FDW-DCK, 2020 WL 1492701, at *8 (W.D.N.C. Mar. 27, 2020) (same). The short of the matter is that any claim James attempts to raise under the FDCPA against the Ally Defendants fails because the Ally Defendants are not debt collectors as defined by that statute.

### *FDCPA Claims Are Time-Barred*

Plaintiff's FDCPA claim against all Defendants are barred for a further reason; Plaintiff's FDCPA claims are time-barred by the one-year statute of limitations. A FDCPA violation may be brought "within one year from the date on which the violation occurs." § 16925k(d). This one-year period begins to run on the date the alleged FDCPA violation actually happened. *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019); *Willis v. Portfolio Recovery Associates, LLC*, 803 F. App'x 761, 764 (5th Cir. 2020) ("Absent the application of the equitable doctrine, the statute of limitations begins to run on the date which the alleged FDCPA violation occurs, not the date the violation is discovered.") (cleaned up). James' Complaint provides: "The Defendant performed the following federal violations against the Plaintiff. That can be found in Exhibit A, B, and C under 'Consumer Enforcement Action' section" [Dkt. 1 at 4]. Exhibit A is a letter dated February 13, 2020, from James to the Ally Defendants [Dkt. 1-2]. Therein, James alleges Ally Defendants violated the FDCPA, requests "verification" of the alleged debt, and demands $44,000 in damages for the

alleged violations [Dkt. 1-2 at 2]. Exhibit B is a letter dated March 3, 2020, from James to Ally Defendants where, again, he makes the same conclusory allegations and demands $60,000 in damages [Dkt. 1-3 at 1-2]. Exhibit C is a letter dated March 20, 2020, from James to Ally Defendants making the same conclusory allegations as the previous two letters and demanding $25,000 in damages [Dkt. 1-4 at 1 -2]. Broadly and liberally construing James' Complaint, the latest an alleged violation is pleaded to have occurred is March 20, 2020, when James sent a letter requesting verification of the debt, but the Ally Defendants did not cease collection of the debt.[3] Limitations expired one year later, on March 20, 2021. Plaintiff filed this suit on November 19, 2021, almost eight months after this date. Plaintiff's FDCPA claims were not raised within the one-year limitation under the FDCPA and Plaintiff's FDCPA claim against all Defendants should be dismissed as time-barred. *Wagner v. BellSouth Telecomm., Inc.*, No. 07-604, 2008 WL 348784, at *1-2 (M.D. La. Feb. 7, 2008) (granting defendant's motion to dismiss *pro se* plaintiff's FDCPA claim arising under § 1692g where claim was prescribed); *see also Hollenshead v. Bank of America, N.A.*, No. 4:18-cv-724, 2020 WL 4615096, at *9 (E.D. Tex. May 19, 2020) (finding *pro se* plaintiff's FDCPA claim arising under § 1692g was outside the statute of limitations), *report and recommendation adopted*, No. 4:18-cv-724, 2020 WL 3496335 (E.D. Tex. June 29, 2020); *see also McClung v. U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust*, No. 3:18-cv-365, 2019 WL 943677, at *4 (N.D. Tex. Jan. 24, 2019) (finding *pro se* plaintiff's FDCPA claim arising under § 1692g was outside the statute of limitations), *report and recommendation adopted*, No. 3:18-cv-0365, 2019 WL 937715 (N.D. Tex. Feb. 26, 2019).[4]

---

[3] The Court assumes here that Defendants did not cease to collect the debt. Defendants do not dispute that they continued to communicate with Plaintiff and seek repayment of the debt [Dkt. 29 at 8].

[4] The Complaint provides little in the way of clarity as to how each Defendant allegedly violated the FDCPA. Thus, even if the Court were incorrect in its earlier analysis, the undersigned would further recommend dismissal of Plaintiff's FDCPA claims on the basis that Plaintiff has failed to sufficiently plead each necessary element of an FDCPA claim (for example, Plaintiff fails to plead Harris and Burton are debt collectors) and/or to differentiate between multiple defendants. *City Nat'l Rochdale Fixed Income Opportunities (Ireland) Ltd. v. Am. Gen. Life Ins.*

*TILA*

Plaintiff also variously references certain provisions of TILA, 15 U.S.C. § 1601, et seq. TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980). Under TILA, creditors are required "to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). Plaintiff's Complaint cites each of 15 U.S.C. §§ 1611, 1635. More specifically, Plaintiff's Complaint provides:

> The Plaintiff enacted the right of recission against the Defendant Pursuant to 15 U.S. Code 1635(a)[.] Pursuant to 15 U.S. Code § 1635(b), the Plaintiff is not liable for finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a recission.

[Dkt. 1 at 4]. And continues, "[p]ursuant to 15 U.S. Code 1611, the Defendants involvement with giving false and inaccurate information shall be fined not more that. 5,000" [Dkt. 1 at 4]. Defendants assert 15 U.S.C. § 1635 and 15 U.S.C. § 1611 simply do not apply to this case.

Section 1635 applies to consumer credit transactions related to a debtor's *principal dwelling*:

> **(a) Disclosure of obligor's right to rescind**
> Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired ***in any property which is used as the principal dwelling of the person to whom credit is extended***, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and

---

*Co.*, No. 3:17-CV-2067-S (BT) 2018 WL 4732431, at *2 (N.D. Tex. Sept. 13, 2018), *report and recommendation adopted*, No. 3:17-CV-2067-S (BT), 2018 WL 4725249 (N. D. Tex. Sept. 30, 2018) (holding that the plaintiff's claims did not satisfy the federal pleading standards because "[a] complaint that 'lumps together' multiple defendants' conduct fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2) and 12 (b)(6).")

> rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Bureau, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Bureau, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.
>
> **(b) Return of money or property following rescission**
> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

15 U.S.C. § 1635(a)-(b). It is undisputed that the disputed credit transaction in this cause relates not to a dwelling, but the purchase of a vehicle [Dkt. 29-1 at 4]. Plaintiff, therefore, has failed to state a claim under this provision. *See Hardaway*, 2022 WL 317758, at *3 (dismissing plaintiff's TILA claim for failure to state a claim where the credit transaction related to the purchase of his vehicle); *see also Walker v. U.S. Bank*, No. 3:21-cv-758, 2021 WL 5701498, at *3, *report and recommendation adopted*, 2021 WL 5630922 (N.D. Tex. Nov. 30, 2021) (dismissing the plaintiff's TILA claim because the TILA recission provisions did not apply to the plaintiff's "purchase of a Chevrolet Silverado, a vehicle which does not qualify as a 'principal dwelling'"); *see also Schieroni v. Deutsche Bank Nat. Trust Co.*, No. H-10-663, 2011 WL 3652194, at *4 (S.D. Tex.

Aug. 18, 2011) (holding that as a matter of law plaintiff could not sustain their TILA claim at the motion to dismiss stage where the credit transaction was not related to their principal dwelling).

Section 1611 provides for criminal liability for willful and knowing violations of TILA and does not provide a private civil right of action. *See Greenway v. Mortg. Research Center, LLC*, H-18-3776, 2019 WL 1930262, at *9 (S.D. Tex. Apr. 20, 2019) (holding § 1611 does not provide a private cause of action); *see also Dunn-Mason v. JP Morgan Chase Bank, N.A.*, No. 11-CV-13419, 2013 WL 5913684, at *13 (E.D. Mich. Nov. 1, 2013) (citing *Vrabel v. JP Morgan Chase Bank, N.A.*, No. C-C-09-1278-MMC, 2009 WL 2421856, at *2 (N.D. Cal. Aug. 6, 2009)) ("15 U.S.C. § 1611 provides criminal penalties for certain violations of the Truth in Lending Act [ ] and does not provide a private civil right of action.... Accordingly, plaintiff's claims under that statute should be dismissed...."). Therefore, Plaintiff's claim under this provision should similarly be dismissed. *Wilder v. Ogden Ragland Mortg.*, No. 15-CV-4013, 2017 WL 1053922, at *3 (N.D. Tex. Feb. 16, 2017) (holding § 1611 "does not provide for a private cause of action" and dismissing plaintiff's claim without opportunity to amend).

***Futility of Amendment***

Plaintiff has already been provided an opportunity to amend his complaint; he failed to avail himself of this opportunity. *See Butler v. S. Porter*, 999 F.3d 287, 298 (5th Cir. 2021) (denying amendment where "[plaintiff] had been given numerous opportunities to amend his complaint."). Because Plaintiff has been provided an opportunity to plead his best case, no further amendment is warranted. *See Roland v. Texas*, No. 4:21-CV-415-SDJ-CAN, 2022 WL 1192781, at *9 (E.D. Tex. Jan. 26, 2022) ("a *pro se* plaintiff need not be permitted leave to amend" where the claims are "fatally infirm"); *see also Childress v. Caliber Home Loans, Inc.*, No. 2:18-cv-00376, 2019 WL 2317142, at *2 (E.D. Tex. Apr. 3, 2019) (finding *pro se* plaintiff is not entitled

to amend his complaint where he already had the opportunity and the court provided what deficiencies needed to be cured), *report and recommendation adopted*, No. 2:18-cv-00376, 2019 WL 2305914 (E.D. Tex. May 29, 2019).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Defendants Ally Bank, Ally Financial, Inc., Kimberly P. Harris, and Jake W. Burton's FRCP 12(b)(6) Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted and Brief in Support [Dkt. 29] be **GRANTED** and Plaintiff's claims against Defendants be dismissed with prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 3rd day of January, 2023.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE